In the Matter of the Application of AMELIA S. LANSING, Respondent, for Leave to Issue Execution on a Judgment Obtained against THOMAS E. LOUGHLIN, as Administrator, etc., of ELLEN LOUGHLIN, Deceased, Appellant. (Appeal No. 2.)

First Department, December 5, 1919.

See head note in *Matter of Lansing, No. 1 (ante, p. 657)*.

APPEAL by Thomas E. Loughlin, as administrator, etc., from an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 22d day of August, 1919, denying a motion for the reopening of the decision of the surrogate of the county of New York granting the application of said Amelia S. Lansing for leave to

issue execution against Thomas E. Loughlin, as administrator, etc., of Ellen Loughlin, deceased, and for a reargument upon said application.

*Herman Siefke, Jr.,* of counsel [*Rabenold & Scribner,* attorneys], for the appellant.

*William C. Stone* [*Lucille C. Bunzl* with him on the brief], for the respondent.

DOWLING, J.:

The administrator of the estate of Ellen Loughlin moved for an order to reopen the decision and permit a reargument of the judgment creditor's application for leave to issue execution upon her judgment.  In his moving papers the administrator set forth in greater detail than he had in his original motion papers the exact state of the estate.  He showed that the judgment in question was a deficiency judgment obtained on the foreclosure of a mortgage against realty owned by his wife of the estimated value of $5,100, the mortgage sued on amounting to $3,500, and the deficiency judgment being $3,796.42.  He also showed that he had paid paid bills against the estate amounting to $3,009.37 and had incurred an additional indebtedness of $3,400, and that none of the estate remained in his hands when the application was made. He repeated his claim that the Franklin Savings Bank deposit belonged to him individually.  He claimed to have made these payments because he had no idea that any claim could arise on the bond and mortgage in question, which had been executed by his wife, as there was ample equity in the realty to protect the obligation.

He also set forth that since the hearing of the original application for leave to issue execution he had filed his final account.

For the reasons indicated in the main application (189 App. Div. 657), the order appealed from will be reversed, with ten dollars costs and disbursements, and the matter remitted to the Surrogate's Court for appropriate action.

CLARKE, P. J., SMITH, PAGE and PHILBIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and proceeding remitted to surrogate for further action in accordance with the opinion of this court.